UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

CARLOS BRITO,

    Plaintiff,

v.

ERT 163RD STREET MALL, LLC; MEGA
FURNITURE LLC; and ROSS DRESS
FOR LESS INC.,

    Defendants.

_____/

**COMPLAINT**

    Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff" or "CARLOS BRITO"), sues ERT 163RD STREET MALL, LLC; MEGA FURNITURE LLC; and ROSS DRESS FOR LESS INC. (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

    1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

    2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

    3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4. Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5. At all times material, Defendant, ERT 163RD STREET MALL, LLC, owned and operated a commercial shopping center located at 1421 NE 163rd Street, North Miami Beach, FL (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, ERT 163RD STREET MALL, LLC., holds itself out to the public as "Mall at 163rd Street."

6. At all times material, Defendant, ERT 163RD STREET MALL, LLC, was and is a Foreign Limited Liability Company, incorporated under the laws of the State of Florida, with its principal place of business in New York, NY.

7. At all times material, Defendant, MEGA FURNITURE LLC, owned and operated a commercial restaurant located at 1421 NE 163rd Street, North Miami Beach, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, MEGA FURNITURE LLC, holds itself out to the public as "Mega Furniture."

8. At all times material, Defendant, MEGA FURNITURE LLC, was and is a Florida Limited Liability Company, incorporated under the laws of the State of Florida, with its principal place of business in Miami, Florida.

9. At all times material, Defendant, ROSS DRESS FOR LESS INC., owned and operated a commercial retail store located at 1421 NE 163rd Street, Miami, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, ROSS DRESS FOR LESS INC.,

INC, holds itself out to the public as "Ross"

10. At all times material, Defendant, ROSS DRESS FOR LESS INC., was and is a Foreign Profit Corporation, organized under the laws of the State of Virginia, with its principal place of business in Dublin, California.

11. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property and the businesses are located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

12. Although nearly thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

13. Congress provided commercial business one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and properties.

14. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

15. Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires

the use of a wheelchair to ambulate.

16. Defendant, ERT 163RD STREET MALL, LLC, owns, operates and/or oversees the Commercial Property, its general parking lot/or and parking spots specific to the business therein, located in Miami, Florida, that is the subject of this Action.

17. Defendants, ERT 163RD STREET MALL, LLC; MEGA FURNITURE LLC; and ROSS DRESS FOR LESS INC. own, operate and/or oversee their respective businesses/places of public accommodation within the Commercial Property, located in Miami, Florida, that is the subject of this Action.

18. Mr. Brito is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

19. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Brito is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

20. The individual Plaintiff visits the Commercial Property and business located within the Commercial Property, to include visits to the Commercial Property and business located within the Commercial Property on or about March 16, 2023 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein. He often visits the Commercial Property and business located within the Commercial Property in order to avail himself of the goods and services offered there, and because

it is approximately thirty-one (31) miles from his residence and is near other business and restaurants he frequents as a patron. He plans to return to the Commercial Property and the business located within the Commercial Property within two (2) months of the filing of this Complaint, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

21. The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

22. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at the Commercial Property, and the business located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

23. Defendants, ERT 163RD STREET MALL, LLC; MEGA FURNITURE LLC; and ROSS DRESS FOR LESS INC., are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, ERT 163RD STREET MALL, LLC; MEGA FURNITURE LLC; and ROSS DRESS FOR LESS INC., own and operate the Commercial Property and business located within the Commercial Property, located at 1421 NE 163rd Street,

North Miami Beach, Florida.

24. Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through II of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

25. Defendant, ERT 163RD STREET MALL, LLC, as landlord and owner of the Commercial Property, is responsible for all ADA violations listed in Counts I through III, along with the Defendant's tenants, listed on end counts.

26. Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and business located within the Commercial Property, but not necessarily limited to the allegations in Counts I through III of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business within the Commercial Property, in violation of the ADA.

Plaintiff desires to visit the Commercial Property and business within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and business located within the Commercial Property, but to assure himself that the Commercial Property, and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

27. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS
## AS TO ERT 163RD STREET MALL, LLC

28. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29. Defendant, ERT 163RD STREET MALL, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking

i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4

        of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i.    The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff had difficulty opening the entrance doors without assistance due to the automatic door openers not functioning. Violation: Elements that are required to be accessible are not usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

iii.    The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

iv.    The Plaintiff had difficulty traversing the path of travel, as there are cross slopes more than 2%. Violation: The path of travel contains excessive cross slopes in

        violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.    The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.    The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.    The Plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.    The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

C.  <u>Public Restrooms</u>

i.    The designated Unisex single user accessible restroom was locked. Violation: Accessible restrooms are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211 whose resolution is readily achievable.

ii. The Plaintiff could not use the lavatory faucets without assistance, as they are not operating correctly and not maintained. Violation: The hand-operated metering faucets do not remain open for 10 seconds minimum violating Section 4.19.5 of the ADAAG, 28 CFR 36.211, and Section 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d)

of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II – ADA VIOLATIONS
## AS TO ERT 163RD STREET MALL, LLC and MEGA FURNITURE LLC

30. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

31. Defendants, ERT 163RD STREET MALL, LLC and MEGA FURNITURE LLC, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Public Restrooms</u>

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty using the doorknob and locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable

   by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

iv. The Plaintiff could not use the paper towel dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

<u><b>COUNT III – ADA VIOLATIONS<br>AS TO ERT 163RD STREET MALL, LLC and ROSS DRESS FOR LESS INC.</b></u>

32. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through

27 above as though fully set forth herein.

       33.     Defendants, ERT 163RD STREET MALL, LLC and ROSS DRESS FOR LESS INC., have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Entrance Access and Path of Travel</u>

   i. The Plaintiff could not traverse through areas of the store, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the store is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Public Restrooms</u>

   i. The Plaintiff could not enter or exit the restroom without assistance, as the required maneuvering clearance was not provided due to the location of a trashcan. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii. The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section

      404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not properly insulated. Violation: The lavatory pipes are not fully insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The Plaintiff could not use the toilet seat cover dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

34.   The discriminatory violations described in Counts I through II are not an exclusive

list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the Commercial Business and business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

35. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

36. Defendants have discriminated against the individual Plaintiff by denying him

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

37. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

38. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

39. Notice to Defendants is not required as a result of the Defendants' failure to cure

the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

40. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their business, located at and/or within the commercial property located at 3565-3599 NE 207 St, Aventura, Florida 33180, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. §

12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 12, 2023.

                                              **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Facsimile: (855) 205-6904
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
dramos@lawgmp.com

By: ___/s/ Anthony J. Perez_____
     ANTHONY J. PEREZ
     BEVERLY VIRUES